366 A.2d 267
**COMMONWEALTH of Pennsylvania**
v.
**Richard H. HARRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1976.

Decided Nov. 22, 1976.

504

William D. Parry, Philadelphia, for appellant.

Donald L. Reihart, Dist. Atty., Sheryl Ann Dorney, Asst. Dist. Atty., York, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge.

Appellant contends that the Commonwealth violated Rule 1100(c), Pa.R.Crim.P., 19 P.S. Appendix, by not petitioning for an order extending the time for commencement of trial *before* the expiration of the 180 day period mandated by Rule 1100(a)(2). We agree and, therefore, order that appellant be discharged.

On August 12, 1975, York County officials filed a written complaint charging appellant with burglary,[1] theft,[2] and receiving stolen property.[3] Appellant was arrested the same day. A preliminary hearing was scheduled for August 21, 1975, but appellant requested and received a continuance of 18 days. On September 8, 1975, appellant was bound over for the Grand Jury. On September 11, 1975, appellant failed to post bond and was

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3502.

2. The Crimes Code, supra; 18 Pa.C.S. § 3901.

3. The Crimes Code, supra; 18 Pa.C.S. § 3925.

consequently incarcerated in the York County Prison. He remained there until April 7, 1976, except for certain periods of time when he was temporarily transferred to Delaware County Prison, where he was held on a writ of detainer from York County. On December 9, 1975, appellant failed to appear at his arraignment. Appellant contends that his attorney [4] told the District Attorney on December 2, 1975, that appellant was being held at Delaware County Prison and that the District Attorney would have to make arrangements to bring appellant back to York County in time for the December 9 arraignment.[5] The Commonwealth insists that it did not know whether appellant had retained counsel and, therefore, did not transfer appellant from the Delaware County Prison because the local rules of court demand that a defendant be represented by counsel at his arraignment. On December 16, York County officials transported appellant back to York County; they presented appellant for arraignment the next day. However, the District Attorney claimed that the eight day delay in arraignment proceedings made it impossible to put the case on the January, 1976 trial list.

On February 19, 1976, appellant filed an application for dismissal of the charges with prejudice pursuant to Rule 1100(f). He alleged that 191 days had elapsed since the filing of the written complaint. The lower court denied appellant's application to dismiss and directed the Commonwealth to file an application to extend the time for commencement of trial pursuant to Rule 1100(c). The court then granted the Commonwealth's application in advance of the actual filing. On February

4. This attorney did not enter his appearance on the record until December 15, 1975.

5. The District Attorney's Office, of course, would presumably know from York County Prison records that appellant had been transferred to the Delaware County Prison.

20, 1976, the Commonwealth filed its application to extend.

Appellant was tried before a jury on February 26, 1976. The next day, the jury acquitted appellant of all charges except receiving stolen property. Appellant filed a post-trial motion claiming a violation of Rule 1100. The lower court denied this motion and sentenced appellant to a three-to-six year term of imprisonment. This appeal followed.

Rule 1100(a)(2) states, "[t]rial in a court case in which written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." The complaint in the instant case was filed on August 12, 1975. The 180th day from this date was February 8, 1976. Trial did not commence until February 26, 1976. Accordingly, the Commonwealth violated Rule 1100 and appellant must be discharged unless the Commonwealth can demonstrate that the period was extended by automatic operation of Rule 1100(d), or by the Commonwealth's compliance with Rule 1100(c).

Rule 1100(d) provides that, "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The Commonwealth contends that the delay in the proceedings from December 9, to February 26, resulted from the unavailability of appellant or his attorney.[6] See Rule 1100(d)(1). We will as-

6. The Commonwealth does not argue that the eighteen day continuance that appellant received before his preliminary hearing re-

sume *arguendo* that appellant or his attorney was unavailable from December 9 to December 17, 1975, the date of appellant's arraignment. Thus, Rule 1100(d)(1) operates to automatically extend the 180 day period by 8 days. However, the Commonwealth cannot invoke Rule 1100(d)(1) to justify the period of delay from December 17 to February 26 which resulted when the District Attorney left appellant's case off the January, 1976 trial list. Once appellant was located and arraigned he was clearly "available" within the meaning of Rule 1100(d)(1). See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

██ ██ Rule 1100(c) provides, "[a]t any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced." The Commonwealth contends that the 8 day delay in arraignment proceedings made it impossible to put appellant on the January, 1976 trial list. The lower court found that the District Attorney acted properly in closing the trial list because his office required some reasonable period of time to send out subpoenas for witnesses and prepare the case for trial. Nevertheless, Rule 1100(c) clearly provides that the Commonwealth must file a petition for extension *prior to* the expiration of the period for commencement of trial. The Supreme Court has recently made this point very

quired an exclusion pursuant to Rule 1100(d)(2). Such a contention would obviously be fruitless since the continuance did not exceed thirty days.

clear in *Commonwealth v. Shelton,* supra, "[t]he Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. O'Shea,* 465 Pa. 498, 350 A.2d [872] at 875 n. 9 (1976); *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). Whether or not an application for an extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application, less any periods which are properly excludable pursuant to section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule or, in cases where an extension or extensions have been properly granted, exceeds the mandatory period set forth in the order granting the last extension, then the application is untimely." See also *Commonwealth v. Cutillo,* 131 Pa. Super. 235, 339 A.2d 123 (1975). Applying the test enunciated in *Shelton,* we exclude the 8 days during which we assumed that appellant or his attorney was unavailable. This is the only period properly excludable pursuant to Rule 1100(d). Therefore, the Commonwealth had to file its application for extension on or before February 16, 1976. It did not do so until February 20, 1976. Thus, the Commonwealth's application for an extension was untimely and the trial court erred in granting an extension. Accordingly, we order that the judgment of sentence imposed upon appellant be reversed and, in accordance with Rule 1100(f), that the charges against appellant be dismissed with prejudice and the appellant discharged.

Judgment of sentence reversed, charges against appellant dismissed with prejudice and appellant discharged.

WATKINS, President Judge, concurs in the result.