371 A.2d 946

COMMONWEALTH of Pennsylvania

v.

Ricardi A. BURTON a/k/a Ricardo A.
Burton, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided March 31, 1977.

Herman Winderman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, with her F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Once again, this Court must address an issue arising under Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix: whether an accused may challenge the grant of an extension pursuant to Rule 1100(c) in post-trial motions and on appeal if he does not contest the grant of the extension during the hearing on that motion. We hold that the claimed violation was waived and, therefore, affirm the judgment of sentence.

A criminal complaint charging appellant with aggravated assault and related offenses was filed on March 28, 1975.[1] Therefore, unless the period was extended by op-

---

1. The facts of the instant case were summarized by the lower court:

"On March 28, 1975, Dr. Edward Schwartz, M.D., was at work at the Peoples Neighborhood Medical Health Center, 1410 North 21st Street, a clinic run for and by the citizens of the North Philadelphia community. While attending to his patients that afternoon, Dr. Schwartz heard a commotion coming from the anteroom nearby his treating room. Dr. Schwartz went to the anteroom where he observed his nurse, Marlene Chang, instructing a man, later identified as the . . . [appellant] that he could not use the bathroom facilities which were reserved for patients only. As Dr. Schwartz attempted to intercede, he was, at once, subjected to a torrent of verbal abuse by the defendant whose rancorous diatribe included a spewing of racial epithets ([appellant] is black, and Dr. Schwartz is white). Before leaving the medical center, the defendant said to Dr. Schwartz, 'I'm going

eration of Rule 1100(d), see *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Commonwealth had until September 24, 1975, to bring appellant to trial. Rule 1100(a)(2). On May 7, 1975, appellant filed a motion to quash the return of the magistrate's transcript. At appellant's request, the lower court stayed all proceedings pending disposition of the motion. After further proceedings, the appellant withdrew the motion to quash on June 18, 1975, when the Commonwealth agreed to provide the appellant with a copy of the police report of the incident. On September 25, 1975, 181 days after the complaint was filed, the Commonwealth filed a petition to extend the time for commencement of trial pursuant to Rule 1100(c). The Commonwealth alleged three bases for the extension: (1) the preliminary hearing was originally delayed for one month because the Commonwealth's witness was still confined to the Wills Eye Hospital; (2) as noted above, proceedings were stayed for 41 days at appellant's request; and (3) courtroom facilities were unavailable to try appellant within the period. The court extended the period for 60 days because appellant's trial was listed as a "back-up" case to several others before the judge assigned to hear it. In fact, trial commenced on October 2, 188 days after the issuance of

to kill you, man. If I don't do it now, I'll do it later.' At approximately 4:00 p. m., Dr. Schwartz was leaving the Medical Center to make his rounds at St. Joseph's Hospital. As he stepped out onto the sidewalk in front of 1410 North 21st Street, he was approached and again verbally assailed by [appellant] who demanded that the doctor fight him. The complainant refused, explaining that he had patients who were waiting for him. The [appellant] responded by striking Dr. Schwartz in the face with his fist, and then proceeded to strike him repeatedly. The evidence also shows that the complainant never attempted to strike back at his attacker. When Philadelphia Police Officer Joseph Surina arrived on the scene, he observed the [appellant] standing over and punching the complainant, who was lying defenseless in the street, blood streaming from his left eye. Dr. Schwartz was taken to Wills Eye Hospital where, after emergency surgery, it was determined that he had suffered severe damage to his left eye. As a result of this attack, Dr. Schwartz has suffered a serious vision impairment and his prognosis for full recovery is not favorable."

the complaint. During the Rule 1100(c) hearing, appellant's counsel offered no argument in opposition to the motion. Counsel also failed to file a petition to dismiss in compliance with Rule 1100(f). Appellant was found guilty as charged and was sentenced to 5 to 10 years' imprisonment on the bill charging aggravated assault [2] and to a consecutive one to two years' term of imprisonment on the bill charging appellant with recklessly endangering another person.[3] This appeal followed.

The sole issue before this Court is whether the Commonwealth violated Rule 1100. We note first that the Commonwealth did not petition the court for an extension until 181 days had elapsed. This Court and our Supreme Court have held repeatedly that the Commonwealth must file its petition to extend in a timely manner. *Commonwealth v. Shelton, supra; Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Harris,* 243 Pa.Super. 503, 366 A.2d 267 (1976); *Commonwealth v. Cutillo,* 235 Pa.Super. 131, 339 A.2d 123 (1975). To determine whether the application is timely the court must first decide whether the period has been extended automatically by operation of Rule 1100(d). See *Commonwealth v. Shelton, supra; Commonwealth v. O'Shea, supra.* Aware of this problem, the Commonwealth argued in its application for an extension that 41 days should have been excluded from the period by operation of Rule 1100(d) because the lower court stayed the proceedings from May 7, until June 18. Appellant did not challenge that basis for extension or the timeliness of the petition, either before the lower court during the Rule 1100(c) hearing or in a pre-trial application pursuant to Rule 1100(f).[4]

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2702.
3. The Crimes Code, supra; 18 Pa.C.S. § 2705.
4. Because of our disposition, we do not reach the question of whether, had appellant challenged the petition to extend he

Rule 1100(c) provides, in relevant part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and *the defendant shall also have the right to be heard thereon."* (Emphasis added). Because 180 days had expired, the Commonwealth had the burden of showing that its petition was timely. It sought to do so by showing that appellant was responsible for a 41 day delay. Once the Commonwealth had introduced evidence on that issue, it was incumbent on the appellant to challenge the grounds alleged.[5] In fact, appellant raised no objection to the Commonwealth's evidence supporting its alleged exercise of due diligence or the exclusion of 41 days from the period. We find that the failure to object precludes our subsequent review of the lower court's finding. Cf. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (filed January 28, 1977); failure to raise claim of ineffective assistance of counsel at the earliest stage constitutes a waiver; *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) (failure to raise specific objections to jury charge constitutes a waiver).

Judgment of sentence is affirmed.

would have been required additionally to file a pre-trial motion to dismiss pursuant to Rule 1100(f). See *Commonwealth v. Sprankle,* 241 Pa.Super. 298, 361 A.2d 385, 386, n. 1 (1976) but see *Commonwealth v. Robinson,* 238 Pa.Super. 508, 362 A.2d 1005 (1976).

5. We do not reach the merits of the claim that 41 days should have been excluded because of the stay of the proceedings. We would have no trouble resolving the issue if the lower court had not acted pursuant to the appellant's request to stay the proceedings. Obviously, operation of the rule cannot be avoided by recourse to a stay, absent consent of the defendant. Cf. *Commonwealth v. Whitaker,* 467 Pa. 436, 359 A.2d 174 (1976).