380 A.2d 880

COMMONWEALTH of Pennsylvania, Appellant,

v.

Melvin YANCEY.

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 2, 1977.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellant.

Michael I. Luber, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The Commonwealth of Pennsylvania has appealed from two Orders of Court of the Court of Common Pleas of Philadelphia County by which the defendant following convictions was discharged pursuant to Pa.R.Crim.P. 1100.[1] The relevant facts of each of the two cases being the same, the Commonwealth was granted permission to consolidate the appeals.

On November 29, 1974, the defendant and two co-defendants entered a jewelry store in Philadelphia and robbed the employees of various items of jewelry and cash. The police apprehended the three individuals in the store and discovered that the defendant was carrying a firearm. A complaint[2] was filed against the defendant on November 30, 1974 for the jewelry store robbery and on that same date a second complaint[3] was filed against him for the robbery of a

1. Rule 1100. Prompt Trial.
   (a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

2. In the complaint filed following the jewelry store robbery, the appellant was charged with the following offenses:
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3701, Robbery.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3921, Theft.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3925, Receiving stolen property.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 903, Conspiracy.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. §§ 6106, 6108, PUFA.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 908, Prohibited offensive weapon.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 907, Possessing instruments of crime.

3. The complaint arising from the Gino Restaurant incident charged the appellant with:
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3701, Robbery.
   Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3921, Theft.

Gino's Restaurant that occurred on November 24, 1974. Preliminary hearings for the two offenses were set for December 6, 1974. On that date, the preliminary hearings were continued to December 17, 1974. However, there appears to be a discrepancy on the record as to why the hearings were continued. The Municipal Court Hearing Sheet indicates that the cases were continued due to the absence of defense counsel. The Municipal Court transcript indicates that the co-defendant failed to appear. On December 17, 1974, the date of the continued preliminary hearings, a bench warrant was issued for the defendant because he failed to appear. The Commonwealth alleges that it was not until March 11, 1975 that it discovered that the defendant was lodged in the Delaware County Prison at Broad Meadows on a Delaware County robbery charge. The preliminary hearings were then scheduled for May 27, 1975. On that date, a voluntary defender was appointed; however, no judge was available and the record indicates that the defendant was incarcerated in the Lewisburg Federal Penitentiary. Apparently the information regarding the defendant's incarceration in Lewisburg was erroneous, but no explanation of how this information came to pass is provided for by either party or the record. The case was then continued from May 27, 1975 to June 5, 1975, at which time it was continued again to July 3, 1975. The reason for this continuation was that it was the belief that the defendant was still in the Lewisburg Prison. On July 2, 1975, the case was continued to July 7, 1975 due to the failure of a Commonwealth witness to appear. July 7, 1975, brought

Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3925, Receiving stolen property.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 903, Conspiracy.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 2702, Agg. Assault.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 2705, Recklessly endangering another person.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. §§ 6106, 6108, PUFA.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 907, Possessing instruments of crime.
Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 908, Prohibited offensive weapons.

another continuation, the reason for which was that the judge assigned to hear the case declined to do so because there was no transcript of the prior proceedings. It was then referred to the court administrator who listed the case for August 18, 1975. On that date the case was continued because all parties persisted in the mistaken belief that the defendant was still in the Lewisburg Prison. On August 26, 1975, the district attorney filed an application for an order extending the time for commencement of trial pursuant to Rule 1100(c)[4] of the Pennsylvania Rules of Criminal Procedure. A hearing on the Commonwealth's application was scheduled for September 2, 1975. However, on that date the hearing was continued in order to give newly appointed defense counsel[5] an opportunity to answer the application. The defendant's preliminary hearing was finally held on September 4, 1975, whereafter he was held for court. On September 16, 1975, the hearing on the Commonwealth's application for an extension of time in which to bring the defendant to trial was continued to September 23, 1975 because the district attorney was unavailable. Following the hearing on September 23, 1975, the court granted the Commonwealth an extension of time to October 12, 1975.[6]

4.  (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

5.  It was necessary to have private counsel appointed to represent the defendant since his co-defendant was being represented by the Public Defender's Office.

6.  Although the Commonwealth's petition was not filed within the initial 180 days, the court determined that a total of 136 days were not to be included in the calculations because either the defendant or his attorney were not available or prepared to proceed. Therefore, the court concluded, the Commonwealth's petition to extend the time in which to bring the defendant to trial was timely filed and furthermore, the Commonwealth displayed due diligence in its efforts to bring the defendant to trial within 180 days and an extension of time was proper.

Both robbery cases were listed for trial on October 9, 1975; however, the Commonwealth moved to trial on the jewelry store robbery and petitioned the court to extend the time for trial on the Gino's Restaurant robbery until the completion of the jewelry store robbery case. This request was granted by the lower court. At no time prior to either trial did the defendant file a written application under Rule 1100(f)[7] to have the charges dismissed.

On October 20, 1975, a jury found the appellant guilty on all charges stemming from his participation in the jewelry store robbery except the charge of conspiracy. On October 22, 1975, having waived his right to a jury trial, the defendant was found guilty by a judge on all the charges stemming from the Gino's Restaurant robbery. Post verdict motions were filed in both cases on October 27, 1975 wherein defendant contended that he was not brought to trial on either case within the period of time required under Rule 1100 of the Pennsylvania Rules of Criminal Procedure and therefore the convictions should be vacated and the cases dismissed. Judge Ivins granted the defendant's motion in arrest of judgment and discharged the appellant on the jewelry store robbery. The basis of his decision was that contrary to the hearing judge's decision the Commonwealth's petition for an extension of time was not filed within 180 days excluding any automatic extensions required under Rule 1100. Judge Richette concurred with Judge Ivins' reasoning and likewise discharged the defendant in the case concerning the robbery of the Gino's Restaurant. Following the orders of court discharging the defendant, the Commonwealth appealed to this Court.

Several issues are presented by the Commonwealth for our review. However, initially we must consider the issue raised by the Commonwealth that the defendant waived his

7. (f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

right to raise the argument that he should have been discharged under Rule 1100(f). The Commonwealth maintains that the defendant's failure to file a written application prior to the commencement of trial constitutes a waiver of that claim. It argues that although the defendant participated in the hearing on the Commonwealth's petition for an extension of time and although the issue was raised orally prior to trial, strict compliance with Rule 1100(f) requires a written application made prior to trial before such relief can be considered by the court. In the present case, the first time the issue was presented in writing was in the defendant's post-verdict motions. The court entertaining the post-verdict motion, Ivins, J. (later joined by Richette, J.) had to confront the same issue facing us, i. e., did the defendant waive his right to raise the claim under Rule 1100(f) since he failed to file a written application. The lower court ruled that he had not waived his right under 1100(f) because he had prior to trial orally argued that the trial court should override Judge Greenburg's order granting the Commonwealth an extension. The court then proceeded to conduct another full hearing on the issue of whether or not the Commonwealth's petition under Rule 1100(c) was timely filed. It has been the rule in this Commonwealth for some time that the proper method of challenging the denial of a right to a speedy trial has been by filing a motion to quash the indictment. *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974); *Commonwealth v. Gates*, 429 Pa. 453, 240 A.2d 815 (1968). With the promulgation of Rule 1100 specific time limits and procedures have been codified for the purposes of protecting an accused's right to a speedy trial and making the standards to be applied more manageable. Strict compliance with the dictates of the Rule are therefore necessary in order to prevent confusion and to preserve its proper function. Accordingly, we find that by the defendant's failure to file a written application before trial pursuant to Rule 1100(f) he has waived his right to have that issue considered.[8]

8. cf. *Commonwealth v. Sprankle*, 238 Pa.Super. 555, 361 A.2d 385 (1976).

Having determined that it was error for the lower court to have discharged the defendant, it is unnecessary to discuss the remaining issues raised by the Commonwealth.

The Order of the Court below of June 9, 1976 vacating the verdicts and discharging the defendant are hereby reversed and said verdicts are reinstated and the cases are remanded for sentencing.

PRICE, J., concurs in the result.

HOFFMAN, J., files a dissenting opinion.

SPAETH, J., notes his dissent.

HOFFMAN, Judge, dissenting:

Appellant, Commonwealth, contends that the post-verdict motions court erred in discharging appellee pursuant to Rule 1100(f), Pa.R.Crim.P.; 19 P.S. Appendix. I disagree and would, therefore, affirm the post-verdict motion court order.

On November 30, 1974, two complaints stemming from two separate robberies were filed against appellee. The robberies occurred on November 24, 1974, at a Philadelphia fast food restaurant[1] and on November 30, 1974, at a

1. The complaint related to the fast food restaurant incident charged appellee with:
Robbery: The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3701.
Theft: The Crimes Code, supra; 18 Pa.C.S. § 3921.
Receiving Stolen Property: The Crimes Code, supra; 18 Pa.C.S. § 3925.
Conspiracy: The Crimes Code, supra; 18 Pa.C.S. § 903.
Aggravated Assault: The Crimes Code, supra; 18 Pa.C.S. § 2702.
Recklessly Endangering Another Person: The Crimes Code, supra; 18 Pa.C.S. § 2705.
Firearms Not to be Carried without a License: The Crimes Code, supra; 18 Pa.C.S. § 6106.
Carrying Firearms on Public Streets or Public Property in Philadelphia: The Crimes Code, supra; 18 Pa.C.S. § 6108.
Possessing Instruments of Crime: The Crimes Code, supra; 18 Pa. C.S. § 907.
Prohibited Offensive Weapons: The Crimes Code, supra; 18 Pa.C.S. § 908.

Philadelphia jewelry store.[2] The preliminary hearing court continued the hearing scheduled for December 10, 1974, until December 17, 1974.[3] When appellee failed to appear at this hearing, the same court issued a bench warrant for his arrest. On March 11, 1975, the Philadelphia District Attorney's office lodged a detainer against appellee in Delaware County where he had been incarcerated at Broadmeadows Prison since December 17, 1974, on an unrelated charge. The rescheduled preliminary hearing was continued from May 27, 1975, to June 5, 1975, for the appointment of a voluntary defender to represent appellee. The criminal transcript also reflects that there was no judge available on May 27, 1975. Further, the transcript states that appellee was incarcerated at the federal prison at Lewisburg.[4] Because of its unsubstantiated belief that appellee was at Lewisburg, the court continued the preliminary hearing once again from June 5, 1975, to July 3, 1975. The hearing was then postponed until July 7, 1975, because a Commonwealth witness did not appear. Administrative confusion on July 7, 1975, caused another continuance. On August 18, 1975, the preliminary hearing was relisted for October 1, 1975, because of the unsubstantiated belief that appellee was an inmate at Lewisburg Prison. At the district attorney's request, the date for the preliminary hearing was advanced. The court finally conducted the hearing on September 4, 1975, after which appellee was held for trial.

On August 26, 1975, appellant filed an application to extend the time for trial pursuant to Rule 1100(c).[5] After

---

2. The complaint related to the jewelry store incident charged appellee with the same crimes, with the exception of aggravated assault, as the first complaint.

3. The reason for the continuance is unclear. The criminal transcript states that the co-defendant failed to'appear. However, the Municipal Court hearing list states that appellee's attorney was not present.

4. The record does not reflect the source of this allegation. It is unclear whether appellee was incarcerated at Lewisburg Prison at anytime relevant to the disposition of the instant case.

5. Rule 1100(c) states:

hearing argument on September 2, 1975, on the propriety of granting a Rule 1100(c) extension, the pre-trial motion court continued the hearing to September 16, 1975, to afford appellee's newly appointed counsel[6] an opportunity to respond to appellant's application. On September 16, 1975, the court continued the Rule 1100(c) hearing to September 23, 1975, because the district attorney was unavailable.[7] On September 30, 1975, the court, pursuant to Rule 1100(c), extended the mandatory period for the commencement of trial on both complaints from May 29, 1975, the 180th day after the filing of the complaint, to October 12, 1975.

Trial commenced on the jewelry store robbery on October 9, 1975, 313 days after the filing of the complaint. On October 20, 1975, the jury returned a verdict of guilty on all charges except criminal conspiracy. On October 9, 1975, the trial court also granted appellant's second Rule 1100(c) application to extend the time for trial on the restaurant robbery charges beyond October 12, 1975, on the condition that the case be called to trial immediately upon the completion of the jewelry store trial. On October 23, 1975, after appellee waived his right to a jury trial, the trial court[8] found appellee guilty of all charges stemming from the restaurant incident.

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

6. Because the Public Defender's office represented appellee's co-defendant, the court appointed private counsel to represent appellee.

7. There is some confusion as to what transpired on September 23, 1975. Although appellant mentions that there was a hearing on its Rule 1100(c) application, I have not found a docket entry for such a hearing. Nor have I been able to locate any notes of testimony for that date.

8. The restaurant robbery trial court was different from the jewelry store robbery trial court.

Appellee filed post-verdict motions on both cases on October 27, 1975, wherein he argued that the Commonwealth failed to bring him to trial within 180 days in accordance with Rule 1100. On June 9, 1976, the post-verdict motions court, after expressly holding that appellee had preserved the Rule 1100 issue, granted the motion and ordered the judgments of sentence vacated and appellee discharged. This appeal followed.

Appellant contends that the lower court erred in discharging appellee. More specifically, appellant asserts that appellee's failure to file a written application to dismiss the charges pursuant to Rule 1100(f)[9] constituted a waiver of his Rule 1100 rights. In the alternative, appellant argues that its Rule 1100(c) petition was timely filed because appellee was "unavailable" for much of the prescribed period and that appellant had exercised "due diligence" in bringing appellee to trial.

First, I must address the contention that appellee waived his Rule 1100 rights. Rule 1100(f) appears to require a defendant to file a written application for an order dismissing the charges with prejudice. I refuse to find, however, that appellee waived his Rule 1100 rights by failing to do so. One reason that a written application is preferred is to enable the Commonwealth to know the specific basis of a defendant's claim and to focus narrowly its response. However, in the instant case, it was appellant who filed a Rule 1100(c) petition. Appellee responded that the application was untimely and, by implication, that appellee should be discharged pursuant to Rule 1100(f). Because appellant had notice of appellee's precise contentions, it did not suffer any prejudice or surprise from the fact that appellee did not file a written Rule 1100(f) application.

**9.** Rule 1100(f) states:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

A second function served by requiring a written application is to ensure that the contentions are framed accurately and properly for post-verdict and appellate review. This purpose has also been satisfied in the instant case. Cf. Rule 1123(b), Pa.R.Crim.P.; 19 P.S. Appendix. *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977). In fact, neither appellant, appellee, nor the post-verdict motions court contend that appellee failed to frame the issue sufficiently for judicial review. Oral argument on appellant's Rule 1100(c) petition was fully transcribed on the record. Moreover, the post-verdict motion court expressly rejected a contention that appellee waived his Rule 1100 rights by failing to file a written Rule 1100(f) application and found the issues to be properly framed and ripe for review. Hence, adherence to a mechanical requirement that a Rule 1100(f) application be in writing for the benefit of post-verdict and appellate review serves no purpose in the instant case.

The case at bar can be distinguished from other cases in which appellate courts of Pennsylvania have found a Rule 1100 waiver because of defendant's failure to raise the issue. For example, in *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977), the defendant did not appear at a Rule 1100(c) hearing and failed to communicate either his opposition to the extension or request a continuance. The Supreme Court concluded that the defendant could not contest on appeal the grant of the Commonwealth's petition. In *Commonwealth v. Burton*, 246 Pa.Super. 498, 371 A.2d 946 (1976), the defendant appeared at a Rule 1100(c) hearing, but did not contest the grant of the extension. Our Court stated that "the failure to object precludes our subsequent review of the lower court's finding." *Commonwealth v. Burton*, supra, 246 Pa.Super. at 503, 371 A.2d at 948. The instant case cannot be construed as another instance where a litigant's neglect precludes his subsequent reliance on an alleged breach of Rule 1100. To the contrary appellee demonstrated diligence in attending the Rule 1100(c) hearing and in contesting the grant of the extension.

*Commonwealth v. Sprankle*, 241 Pa.Super. 298, 361 A.2d 385 (1976), provides the most apposite precedent for the instant case. In *Sprankle*, the Commonwealth filed a timely Rule 1100(c) application. As in the case at bar, the lower court conducted a hearing and granted the extension. Judge Cercone, writing for the Majority, found that the defendant did not waive his Rule 1100 rights by failing to file a written application to dismiss:

"In this petition to dismiss, or a hearing held pursuant to the petition, the appellant would then put forth the same arguments made at the hearing on the Commonwealth's petition to extend. The court would then make the same ruling as was made on the Commonwealth's petition. It would be senseless to require appellant to employ such a wasteful procedure to preserve his right to a speedy trial." *Commonwealth v. Sprankle*, supra, 241 Pa.Super. at 300, 361 A.2d at 386.

As in *Sprankle*, it is difficult to imagine what purposes other than convenience and the occasional prevention of administrative confusion are served by a mechanical rule that the failure to file a written Rule 1100(f) application constitutes a waiver. As a result, I would conclude that appellee did not waive his Rule 1100 rights by not committing to paper that which was raised and contested below. I would hold, to the contrary, that appellee sufficiently raised the Rule 1100 claim below to preserve it for our review.

Having found no waiver, I turn to the merits of appellant's Rule 1100 argument. Appellant contends that the postverdict motions court erred in concluding that its Rule 1100(c) application was not timely filed. In *Commonwealth v. Shelton*, 469 Pa. 8, 15, 364 A.2d 694, 697 (1976), the Pennsylvania Supreme Court stated:

"The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule . . . [citations omitted] . . . Whether or not an application for an extension is timely filed is determined by computing the

amount of time which has elapsed from the filing of the complaint to the date on which the Commonwealth files its application, less any periods which are properly excludable pursuant to section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule . . . then the application is untimely." (emphasis supplied).

*See also Commonwealth v. Harris*, 243 Pa.Super. 503, 366 A.2d 267 (1976). Rule 1100(d) provides, in part, that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney. . . ." The Comment to Rule 1100 defines unavailability as "any period of time during which [the defendant] could not be apprehended because his whereabouts were unknown and could not be determined by due diligence." Our appellate courts have held that the Commonwealth bears the burden of showing due diligence. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Clark*, 248 Pa.Super. 184, 374 A.2d 1380 (1976); *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976); *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1975).

In the instant case, appellant's Rule 1100(c) application was filed on August 26, 1975, 107 days after the expiration of the mandatory 180 day period.[10] Therefore, the relevant inquiry is whether appellee was "unavailable" pursuant to Rule 1100(d)(1) for 107 days or more because unless a period of at least 107 days is excluded, appellant's application will have been untimely.

Appellant argues that appellee was unavailable for 161 days because of his incarceration in a Delaware County prison from December 17, 1974 to May 27, 1975. In *Commonwealth v. McCafferty*, supra, 242 Pa.Super. at 224, 363 A.2d at 1241, we said that " . . . the duty imposed on

10. Rule 1100(a)(2) states:
    "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere or by his failure to demand trial." The Commonwealth still has the responsibility to "show that it was unable, despite its duly diligent efforts, to locate [appellee] in the Delaware County prison and to insure his attendance at trial . . . ." *Commonwealth v. Clark*, supra, 248 Pa.Super. at 189, 374 A.2d at 1384. (Dissenting Opinion by HOFFMAN, J.). I agree with the postverdict motions court that appellant failed to introduce evidence in the record of its efforts to ascertain appellee's whereabouts and to secure his presence at trial.[11] Further, appellant cannot argue that appellee was unavailable after March 11, 1975, when appellant learned of appellee's whereabouts.[12] *Commonwealth v. Cunningham*, 247 Pa.Super. 302, 372 A.2d 473 (1977); *See also* Comment to Rule 1100. As a result, because appellant has not sustained its burden of showing that appellee's unavailability caused the 161 day delay in question, it cannot use that delay to extend the period for the timely filing of its Rule 1100(c) application. Therefore, the 180 day period expired before the August 26, 1975 filing of the Rule 1100(c) application, rendering it untimely. See *Commonwealth v. Harris*, supra. Accordingly, I would affirm the post-verdict motions court order vacating the judgments of sentence [13] and discharging appellee in accordance with Rule 1100(f).

11. Contrast the instant case with *Commonwealth v. Clark*, supra, in which the record was insufficient to determine whether the Commonwealth had dispatched its duty to exercise due diligence. As a result, our Court vacated the judgment of sentence and remanded for further findings. Here, such a disposition would be inappropriate because there is no evidence on the record that appellant exercised due diligence to ascertain appellee's whereabouts.

12. Because I have concluded that none of the 161 day delay was attributable to appellee's unavailability, I would hold that the March 11, 1975 to April 11, 1975 exclusion granted by the court which ruled on appellant's Rule 1100(c) application, was unwarranted.

13. Because I have concluded that appellant's August 26, 1975 Rule 1100(c) application was untimely filed, it follows that its second application to extend the time for the commencement of the restaurant robbery trial filed on October 10, 1975, was untimely and

improperly granted. Therefore, I would also affirm the lower court's order discharging appellee on this charge.