416 A.2d 1058

**COMMONWEALTH of Pennsylvania**

v.

**Curtis Jarvis EL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Dec. 14, 1979.

4

Salvatore J. Cucinotta, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

CATANIA, Judge:

The defendant was arrested on July 8, 1976, and charged with robbery, possession of an instrument of crime, and violation of the uniform firearms act. The circumstances of the arrest are that the defendant was waiting in a newspaper delivery truck for the newspaper delivery man to return from a delivery. As the delivery man entered the truck, the defendant held a gun on him. He told the delivery man to, "Come on in." The delivery man fled as did the defendant. The defendant was captured and detained within a block of the delivery truck by two passersby. The police were summoned and they transported the defendant to a police station where one of the police officers started to read the defendant his *Miranda* rights. The police officer testified:

"A.  .  .  . I turned the card over, the second side has the questions that require responses from the defendant.

Q. What happened then?

A. I read him the first question which states, "Do you understand that you have the right to keep quiet and not to say anything at all?"

Q. What happened then?

A. At that point, the defendant immediately looked at me and stated, "Look man, I didn't rob nobody this time, I only tried."

Q. I asked him, "Are you willing to make a statement? Do you want to make a written statement and sign it?"

A. He said, "I am not going to sign anything, I want to talk to a lawyer." At that point, I ceased questioning him.

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

On October 26, 1976, a motion to suppress the aforesaid statement was argued and denied by Judge McDermott in Philadelphia. Thereafter, the case was referred to the calendar judge, the Honorable Lisa A. Richette, before whom the defendant pled guilty to criminal attempt (robbery) and the defendant was sentenced by Judge Richette to from four to fifteen years in prison. Pursuant to that plea, the district attorney's office nolle prossed the charges of possession of an instrument of crime and violation of the uniform firearms act.

On May 26, 1977, Judge Richette vacated her original sentence and on August 23, 1977, imposed a sentence of from three to ten years imprisonment. Judge Richette vacated the original sentence because the defendant had pled guilty only to criminal attempt (robbery), a second degree felony, which carried a maximum sentence of ten years imprisonment. As aforesaid, the defendant had originally been charged with robbery for which crime he could have been sentenced to the fifteen years as Judge Richette had originally sentenced him.

On September 1, 1977, the defendant filed a motion to withdraw his guilty plea which motion was granted by Judge Richette on September 13, 1977. Thereafter, the Commonwealth moved to withdraw the nolle prosses on the aforesaid charges of possession of an instrument of crime and violation of the uniform firearms act. The Commonwealth also moved to amend the attempted robbery charge to its original form, that is, robbery. The defendant has assigned twelve issues on appeal which issues will be dealt with seriatim.

■ The defendant's first allegation of error is that the Commonwealth failed to establish a prima facie case at the preliminary hearing. The defendant argues that at the preliminary hearing, only the newspaper truck driver testified and that testimony alone was not sufficient to establish probable cause to bind the appellant over to court. The testimony of the robbery victim was that he opened the door to his van, that the defendant who was in the front of the

van at that time, pointed a gun at the victim and ordered him to "come on in". The delivery man then testified that the victim backed away, yelled for help and observed the defendant as he fled from the truck and was apprehended by passersby. This court believes that that testimony is quite sufficient to establish a prima facie case at the preliminary hearing and therefore this court denies that allegation of error.

The defendant next states that the amendment of the bill of information charging the defendant with robbery as opposed to attempted robbery constituted such a substantive change in the crime originally charged so as to warrant dismissal of the bill as well as the complaint itself with prejudice. As noted before, the original charge was for robbery but the defendant pled guilty initially before Judge Richette to attempted robbery. It is quite obvious that the defendant was well aware of the act which the original charge alleged he committed. The defendant cites *Commonwealth v. Gross,* 161 Pa.Super. 613, 56 A.2d 303 (1948) wherein that court cites *Commonwealth v. Musto,* 348 Pa. 300, 35 A.2d 307:

> "It is true that a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supplied them because the defendant should not be required to answer a charge different from and unrelated to the one for which he was arrested and held to bail."

It is quite clear that the initial complaint was sufficient to apprise the defendant of the act which it is alleged he committed. The initial complaint charged him with robbery. The change to attempted robbery was pursuant to a guilty plea which plea was subsequently withdrawn. The only effect of the changes from robbery to attempted robbery and back are as to the amounts of time the defendant could spend in jail pursuant to a conviction. Further, in preparation for a trial, the defendant would still have to prepare his case against the same testimony, whether the charge be

robbery or attempted robbery. Therefore, this issue is denied.

■ The defendant next contends that there is a lack of a full and complete record of the amendment of the original bill before Judge McDermott and that therefore precludes meaningful appellate review. This change before Judge McDermott, as aforesaid, was done on October 26, 1976, changing the bill from robbery to attempted robbery. This was done pursuant to a guilty plea. When the defendant subsequently filed a motion to withdraw his plea, it was changed back to robbery. The fact that there was not a sufficient record before Judge McDermott changing the bill from robbery to attempted robbery indicates no prejudice to the defendant and this argument is denied.

■ The defendant next argues that appellant was subject to double jeopardy when the lower court granted the Commonwealth's motion to reamend the bill from attempted robbery to robbery and to remove the nolle prosses on the other two charges. The crime charged in an information need not be identical to that charged in the complaint as long as it is cognant to the ones laid in the complaint. Pennsylvania Rule of Criminal Procedure, 225(b)(5); *Commonwealth v. Epps*, 260 Pa.Super. 57, 393 A.2d 1010. Further, it is well settled that one may not by his own voluntary actions seek and obtain a reversal of judgment and then attack a subsequent proceeding on double jeopardy grounds. *Commonwealth ex rel. Farrow v. Martin*, 387 Pa. 449, 127 A.2d 660 (1956). The defendant successfully petitioned the lower court for permission to withdraw his guilty plea and he cannot now be heard to complain that a subsequent prosecution placed him in double jeopardy. The defendant should not be permitted to benefit from his withdrawal of his guilty plea. If he is successful in withdrawing his guilty plea, there is no reason why he should not then face trial on the original charges as was done on this case. Therefore, this allegation of error is overruled.

10

■ The defendant next argues that he was subject to double jeopardy when the original sentence was vacated and then when his guilty plea was vacated. The original sentence was vacated for his benefit and he was permitted to withdraw his guilty plea because of the possibility that it was entered on the assumption that he could receive more time in jail than was appropriate for this case. These things were done for his benefit and he should not be allowed, at this point, to benefit further from that action.

■ The defendant next argues that his fifth and fourteenth amendment rights were violated by the grant of the Commonwealth's motion to amend the attempted robbery bill back to robbery. This, as aforesaid, was changed pursuant to the original plea and returned to its original form after the plea was withdrawn. This has previously been covered and once again, we state, has no merit.

■ The defendant next argues that the lower court erred in failing to suppress his statement, outlined above, since the Commonwealth failed to show by a preponderance of the evidence that the statement was a voluntary one made by one who understood his *Miranda* rights. The statement which he is attempting to suppress was one which he blurted out while the police were reading his rights to him. It is clear from a reading of this statement that the police were not attempting to procure a statement from him when they read him his rights and that he made that statement voluntarily. In support of this issue, the defendant further attempts to argue that he was withdrawing from drugs when the statements were read to him and for that reason it was not a voluntary statement. However, this issue was litigated before the lower court judge and he found that the statements constituted a waiver of his *Miranda* rights and the statement was found to be not only voluntary but also knowing and intelligent. It is well settled that an appellate court will not disturb the findings of the trier of fact with respect to the voluntariness of a statement, if supported in the record. *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977). A review of the

record here indicates that the statement is supported by the record and we will not disturb the finding of the lower court that it was made knowingly and voluntarily. There was no basis in the record for us to disturb that issue. *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

The next allegation of error by the defendant is that the speedy trial provision of the Pennsylvania Rules of Criminal Procedure were violated. First of all, the defendant was tried within 120 days of the granting of his motion to withdraw his guilty plea. On the 120th day, the court heard the suppression motion and then immediately proceeded to trial. That suppression was preserved for the time of trial by an earlier proceeding. This should further be denied on the basis that the defendant did not raise this issue before the lower court. It is well settled that defendant's failure to claim in writing prior to trial, that his rule 1100 rights have been violated constitutes a waiver of a rule 1100 claim. *Cf. Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380 A.2d 880 (1977).

Defendant next argues that the lower court erred in failing to declare a mistrial when the prosecutor pointed a gun at the jury during his closing argument. This was the gun that the defendant had pointed at the delivery truck driver. It is noted by the district attorney that defense counsel did not request a mistrial following objection to the alleged prosecutorial misconduct and therefore the defendant has waived all his claims that the purported misconduct requires a new trial. *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976). Further, the jury was instructed by the court to disregard the district attorney's act and any prejudice caused by the prosecutor was not so prejudicial as to deprive the defendant of a fair and impartial trial. *Cf. Commonwealth v. Goosby*, 450 Pa. 609, 612, 301 A.2d 673, 674 (1973). Since the jury was instructed as requested by defense counsel to disregard the actions of the prosecutor and since a mistrial was not requested, nothing further should be done on appeal. Therefore, this allegation of error is denied.

12

■ The defendant next argues that comments made by the prosecutor during his closing argument required the grant of a new trial. In his closing argument to the jury, the district attorney referred to the defendant as a drug addict and referred to the defense theory as a "t. v. story" and admonished the jurors "that there is a difference between stories and testimony". The defense refers us to the case of *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978) wherein the court held that a prosecutor may not refer to the trial testimony of the defendant as unbelievable because he was "some drug addict". The defense states that such language is clearly intended to appeal to the passions and prejudices of the jury and amounts to testimony by an unsworn witness. However, in the instant case, it was the defendant's testimony that he was on drugs, that he was withdrawing from certain drugs and it was his theory of defense that he was being pursued by a band of drug dealer killers. Therefore, this Court believes that the district attorney did not engage in misconduct when he summarized the evidence and reminded the jury that the defendant, by his own testimony, stated he was a drug addict. The district attorney was suggesting this to the jury so that they might consider the credibility of his testimony. Obviously, one who is on drugs and/or withdrawing from drugs may not have as good a recollection of certain incidents as a man who is going about his daily business of delivering a newspaper and driving a truck. Taken in its proper context the prosecutor's statement is not considered prejudicial to the defendant. *Cf. Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977).

■ The defendant next argues that the lower court erred in permitting the prosecutor to cross-examine the custodian of records at the drug treatment center where the defendant was a patient and thereby violated the statutorily protected confidentiality of appellant's medical records. The defense theory in this case was, in part, that the appellant

was being treated for a narcotic problem at the Terry Thurman Methadone Clinic. The defendant avers that to verify his status as a patient, he called the director of the clinic as a witness. However, the defendant questioned him concerning only part of the records in the file of the clinic but not all of the records. On cross-examination, and over objection, the district attorney questioned him on other parts of the record which he brought with him. The defendant claims that the confidentiality of the medical record is protected by the Pennsylvania Drug and Alcohol Abuse Control Act, 71 P.S. 1690.101 et seq. That section provides in pertinent part that "no such records of information may be used to initiate or substantiate criminal charges against a defendant under any circumstances." However, the defendant is the one who brought those records into the court room and who questioned the head of the Methadone Clinic. It would not be proper to disallow the district attorney to cross-examine him and to review the other records which he had with him at that time. Therefore, this allegation of error is overruled.

Finally, the defendant argues that the lower court committed error in permitting a portion of the testimony to be read to the jury during its deliberations. The jury requested the court to read back the appellant's statement to the police and the time the statement was made. The trial judge has the discretion to grant such a request. *Commonwealth v. Hart*, 479 Pa. 84, 387 A.2d 845 (1978), citing *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1963). In this case, it is apparent that the court did not err when it granted the request and it is further noted that the court admonished the jury when granting that request that what he was reading to them was the police detective's recollection of what the defendant said, and it was further for the jury to decide whether defendant actually made that statement. This argument also has no merit.

Judgment of sentence affirmed.