361 A.2d 385

**COMMONWEALTH of Pennsylvania**

v.

**Michael Dennis SPRANKLE, Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

Oliver E. Mattas, Jr., Asst. Public Defender, Hollidaysburg, for appellant.

Thomas G. Peoples, Jr., Asst. Dist. Atty., Hollidaysburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

In this appeal appellant contends that he was not brought to trial within 180 days and accordingly, pursuant to Pa.R.Crim.P., Rule 1100, the charges against him should be dismissed. Complaints were issued on July 7, 8, 17 and 23, 1974 charging appellant with possession of an offensive weapon, altering or obliterating marks of identification on a firearm, carrying a firearm without a license and violating the Controlled Substance, Drug, Device and Cosmetic Act. Realizing that it would not be able to bring appellant to trial on these charges within 180 days, the Commonwealth filed a timely petition pursuant to Rule 1100(c) seeking an extension of the time within which to try appellant. A hearing was held on January 8, 1975, and the court granted an extension until February 7, 1975, at which time appellant was to go to trial on all charges. On February 7, 1975, appellant orally moved for a suppression of evidence hearing in the drug case. A full suppression hearing was held at this time, after which the suppression judge

reserved his decision and ordered the case to be tried on March 3, 1975. Appellant was tried by a jury and found guilty of the drug violation on March 3, 1975. Post-verdict motions were argued and denied, and appellant was sentenced on April 3, 1975. Also on April 3, 1975, appellant pleaded guilty and was sentenced on the remaining three charges. At that time appellant reserved the right to raise on appeal the Rule 1100 issue as to the charges to which he pleaded guilty.[1]

Appellant argues that the lower court abused its discretion in granting the Commonwealth extension of time pursuant to Rule 1100.(c) because the Commonwealth failed to show "due diligence." Rule 1100(c) states: "Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." At the January 8, 1975 hearing the Commonwealth pointed out that indictments on the charges in question were obtained at the first available Grand Jury on October 2, 1974 and that it was impossible to bring appellant to trial within 180 days because each session of jury trials between October 2, 1974, and January 2, 1975, were filled with cases which pre-dated those of appellant. While we have sympathy for the Commonwealth's problem we have clearly stated

---

1. The dissent raises sua sponte the question of whether appellant waived his right to a speedy trial by failing to file a petition for dismissal pursuant to Rule 1100(f). To resolve this question we need only apply the dissent's proposed rule to the facts. The Commonwealth filed a timely petition to extend pursuant to Rule 1100(c). After a hearing on the matter, at which time presumably appellant and the Commonwealth made their respective arguments, the court granted the Commonwealth's petition to extend and set a trial date. The dissent would at this point have had appellant petition the court, i. e., the same court which granted the Commonwealth's petition for extension, to dismiss. In this petition to dismiss, or a hearing held pursuant to the petition, the appellant would then put forth the same arguments made at the hearing on the Commonwealth's petition to extend. The court would then make the same ruling as was made on the Commonwealth's petition. It would be senseless to require appellant to employ such a wasteful procedure to preserve his right to a speedy trial.

in *Commonwealth v. Shelton,* —— Pa.Super. ——, ——, ——
A.2d —— (Filed: March 29, 1976), that "Rule 1100 . .
precludes an extension of the prescribed time period
predicated upon judicial delay." See also *Commonwealth v. Mayfield,* —— Pa.Super. ——, —— A.2d ——
(Filed: March 29, 1976). Accordingly it was error for
the lower court to grant the extension, and appellant
must be discharged.

Judgment of sentence reversed and appellant discharged.

PRICE, J., files a dissenting opinion in which VAN
der VOORT, J., joins.

PRICE, Judge (dissenting).

I dissent. Although not discussed by the majority, the
record clearly shows that the appellant failed to comply
with the requirements of Section (f) of Pa.R.Crim.P.
1100, which provides, in pertinent part, that:

> "At any time before trial, the defendant or his at
> torney may apply to the court for an order dismissing
> the charges with prejudice on the ground that this
> Rule has been violated."

Thus, we are properly concerned here with the question
of whether the appellant waived his right to a speedy
trial, not, as perceived by the majority, whether the
lower court erred by granting the Commonwealth an extension of time for commencement of trial. Because I
believe that such a waiver occurred, I would affirm the
judgment of sentence.

It has long been held in this Commonwealth that failure to object properly constitutes a waiver of the right
to a speedy trial. See *Commonwealth v. Roundtree,* 458
Pa. 351, 326 A.2d 285 (1974), and cases cited therein.
Prior to the promulgation of Rule 1100, an objection to
the length of delay in being brought to trial was proper-

ly raised in a pre-trial motion to quash the indictment.[1] *E. g., Commonwealth v. Gates,* 429 Pa. 453, 240 A.2d 815 (1968). See Pa.R.Crim.P. 304. Similarly, Rule 1100 (f) requires an accused to file a petition *before trial* showing that the prescribed time period has expired. Here, however, no such petition was filed. The appellant did not formally assert his right to a speedy trial until after trial on the drug charge and after pleading guilty to the other three charges. Certainly, by this time, the appellant had forfeited his right to a speedy trial.

In Section (f) of Rule 1100, the Pennsylvania Supreme Court specifically prescribes the exclusive method by which an accused may gain relief from a violation of his right to a speedy trial. Under Section (f), an accused may apply to the lower court for an order dismissing the charges only if such application is made *prior to trial, but after the expiration of the prescribed period.* Here, the appellant's right to a speedy trial had not been violated when he filed his answer to the Commonwealth's petition for an extension of time. Therefore, the appellant's answer to the Commonwealth's petition cannot satisfy the requirement of Rule 1100(f), as promulgated by our supreme court, that an accused's application for dismissal be predicated upon a violation of the prescribed time period. The majority, however, would ignore the clear mandate of Rule 1100(f) in the present situation. The majority describes this interpretation of the prescribed procedure of Rule 1100(f) as "senseless" and "wasteful" because "presumably" the parties had made their respective arguments at the hearing on the petition for extension. Even assuming, *argu-*

---

1. However, in *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A.2d 278 (1963), the Pennsylvania Supreme Court ruled that the defendant's pre-trial motion to nolle pros. the indictment, although not technically proper, was sufficient to preclude a waiver of the right to a speedy trial. Although the form of the objection might therefore vary, it is clear that the objection could not be raised after trial.

*endo,* that such arguments had been made, Rule 1100(f) requires that the issue of a speedy trial violation be affirmatively and clearly, not presumptively, preserved by means of a timely application. The procedure approved by the majority simply does not do this.

The appellant presents no other issue for our consideration. I would, therefore, affirm the judgment of sentence.

VAN der VOORT, J., joins this opinion.