369 A.2d 410

COMMONWEALTH of Pennsylvania

v.

Sidney KEMP, Appellant.

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Nov. 22, 1976.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from judgment of sentence rendered on September 10, 1975, following adjudication of guilt by Judge Halbert, sitting without a jury. Post-trial motions were made and denied. Also on September 10 and prior to trial, Judge Richette had conducted a hearing on appellant's motion to dismiss pursuant to Pa.R.Crim.P. 1100. The sole question before us is whether this denial of relief was error and whether appellant should have been discharged under the mandate of 1100(a)(2), that trial shall commence within 180 days of the filing of the complaint.

The complaint was signed and apparently filed on February 14, 1975.[1] Appellant was arrested on February 22 and preliminarily arraigned the next day. His Municipal Court hearing was February 26, 1975, following which he was held for court. On April 25, 1975, when the case had been called for trial, the defense requested and received a 33-day continuance. Recognizing the au-

---

1. On the face of the complaint, it is clear that the affiant signed in the presence of the Municipal Court Judge on February 14, 1975. The complaint was acted upon because appellant was soon arrested, as stated *infra*. However, the jurat of the Judge is dated February 23, 1975. This discrepancy will be resolved in favor of appellant, and February 14 is our bench-mark date for Rule 1100 purposes.

tomatic exclusion of 3 days by reason of the delense-requested continuance, pursuant to the 1100(d)(2) provision for excluding only such period beyond 30 days, the operative date for commencement of trial is August 18, 1975. We note that there are Orders of record, dated May 22, June 26, July 30, and August 13, 1975, stating that the case is continued due to "no [court-] room available". The record is silent as to any application for extension of the period for commencement of trial filed by the Commonwealth prior to the operative date, according to Rule 1100(c). On September 5, 1975, appellant applied for dismissal of the charges, with hearing on September 10, the date of trial. Judge Richette found that the unavailability of court-room space—for 79 days—was reason to exclude said time period from the running of the mandated period.[2]

*Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), provides that "judicial delay" may be reason for excluding a period of time from the running of the Rule 1100-mandated period. This "judicial delay" may include "situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable". (P. 18, 364 A.2d at 699.) Lack of an available, staffed courtroom is such a situation. The Supreme Court points out that this "judicial delay" is not included in the automatic exclusions provided by 1100(d)(1) and (2). Rather, and this point is made abundantly clear in *Shelton*, the Commonwealth must apply for extension of time, "prior to the expiration of the period for commencement of trial", as mandated by 1100(c). Then the lower court will be presented with the question of whether the particular "judicial

---

2. We do not have the benefit of an Opinion or definitive Order from Judge Richette. However, from Judge Halbert's reference to the Order and the excludable period, as well as both parties' reference thereto in briefs, we shall accept the finding and determination of period for exclusion.

delay" involved in the case is of the type to warrant exclusion, whether "due diligence" has otherwise been pursued by prosecutorial officers, and an extension should be granted or whether conditions are such that no extension should be granted. In the latter eventuality "then the Commonwealth will still have time in which to commence trial because the mandatory period will not have yet expired where the application for an extension is timely". (P. 19, 364 A.2d at 699.) Following this hearing, the court's finding as to what period, if any, may be excluded, will be of record.[3] The time for commencement of trial will be extended by like period.

In the present case the Commonwealth did not make application pursuant to 1100(c). The issue of judicial delay—courtroom unavailability apparently was raised in its answer to appellant's motion to dismiss, *after* the 180-day (plus automatic extension of 3 days) period had run. This is contrary to Pa.R.Crim.P. 1100.

Consequently, and based upon the direction of *Commonwealth v. Shelton, supra,* judgment of sentence is reversed and appellant is discharged.

3. After October 8, 1976, such findings must comport with the requirements of *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).