369 A.2d 376

**COMMONWEALTH of Pennsylvania**

**v.**

**Truman WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1975.

Decided Nov. 22, 1976.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Stewart J. Greenleaf, Assistant District Attorney, Willow Grove, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On January 31, 1975, appellant was convicted by a jury of violating the Controlled Substance, Drug, Device and Cosmetic Act.[1] A timely motion in arrest of judgment was refused by the lower court, and sentence was pronounced. Appellant now questions the propriety of this conviction, raising several allegations of error. After careful review, we reject the appellant's contentions, and affirm the judgment of sentence.

On March 21, 1974, a written complaint was filed against appellant charging him with selling a quantity of the controlled substance methamphetamine (speed) to an

1. Act of April 14, 1972, P.L. 233, No. 64, § 1 (35 P.S. § 780–101) et seq.

undercover agent of the Pennsylvania State Police on two separate occasions. On June 10, 1974, a Grand Jury returned two bills of indictment against appellant, each charging him with possession and sale of a controlled substance. Although the case was listed for trial on October 7, 1974, trial was not held at that time because of the backlog of criminal cases in the court below. On November 27, 1974, the Commonwealth filed a timely petition for an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[2] In its petition, the Commonwealth asserted that it had exercised due diligence in bringing appellant to trial, attributing the responsibility for the delay to the judiciary. On December 9, 1974, the appellant filed an answer to the Commonwealth's petition for extension of time, asserting that the Commonwealth had not exercised due diligence in prosecuting the case and requesting that the extension be denied "and the indictment dismissed for want of prompt prosecution."[3] On December 20, 1974 the lower court, after a hearing on the record, granted the Commonwealth an extension of time and trial commenced on January 31, 1975. With this extension, appellant's trial commenced 45 days beyond the 270 day period contained in Rule 1100(a)(1).

Appellant first contends that his right to a speedy trial was denied in that he had not been brought to trial within 270 days from the date the criminal complaint was filed against him. We disagree. In the opinion filed by

2. Pa.R.Crim.P. 1100(c) provides in pertinent part:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

3. The concurring opinion argues that appellant waived his right to a speedy trial by failing to file a petition for dismissal pursuant to Pa.R.Crim.P., Rule 1100(f). This argument was rejected by our court in *Commonwealth v. Sprankle,* 241 Pa.Super. 298, n. 1, 361 A.2d 385 (1976).

the court below, Judge Lowe related the positions as presented by both appellant and the Commonwealth, and concluded:

"Clearly, the Commonwealth did not procrastinate in obtaining the defendant's indictments, nor did it solicit or request a continuance at any time. The Commonwealth's swift action afforded the administrative arm of this Court more than six months during which it could schedule a trial that would comport with Rule 1100. The case would have been tried on the 200th day had it not fallen victim to this county's prodigious criminal caseload. Nevertheless, it is significant that the Commonwealth's petition seeking a time extension was filed as soon as it became apparent that the schedule prescribed by Rule 1100 could not be satisfied. The petition was filed well before 'the expiration of the period for commencement of trial' as mandated by the Rule. This Court knows of no avenue or course which the Commonwealth could have pursued to expedite the prosecution of this case and it should not be held accountable for delays beyond its control."

In *Commonwealth v. Mayfield*, 469 Pa. 214, 220, 364 A. 2d 1345 (1976), the Supreme Court, in reversing the decision of this court,[4] stated *inter alia*:

"The Superior Court, concluding that rule 1100 was intended to promote prompt action by the courts as well as by the prosecution, held that delays attributable to court administration could never justify an extension under rule 1100(c). The rule, however, was not intended to create such an inflexible result. This Court is aware that, despite diligent efforts by the trial courts, cases may arise when a trial of a defendant cannot be held within the prescribed period. In such circumstances, the policies which prompted the adop-

4. *Commonwealth v. Mayfield*, 239 Pa.Super. 279, 362 A.2d 994 (1976).

tion of rule 1100 would not be served by disallowing a reasonable, limited extension specifying 'the date or period within which trial shall be commenced.' Pa.R. Crim.P. 1100(c). The rule recognizes that 'due diligence' is the most that should be demanded from the prosecutor and that if despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible. No more rigid result under our present rule is justified when the inability of a trial court to proceed within the prescribed period is at issue."

■ In *Commonwealth v. Shelton,* 469 Pa. 8, 16–17, 364 A.2d 694 (1976), the Supreme Court specifically and candidly stated:

"The 'Commonwealth' in the context of the Rule clearly refers to prosecutorial officers and not to the judiciary. Literally read, the Rule quite simply does not attempt to solve the problem of eliminating delay due to the judiciary; rather, it attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers. Furthermore, if 'judicial delay' does not justify an extension, then in a situation where because of the unavailability of a judge or a court before whom to commence trial at a time prior to the expiration of the mandatory period, the Commonwealth despite the exercise of all due diligence would be unable to effectuate a prosecution. Such a result would render the due diligence exception a nullity . . . . We therefore expressly disapprove the dicta in the majority opinion of the Superior Court and rule that 'judicial delay' may justify the granting of an application for an extension when timely filed."

It is clear from the above statements of current and controlling case law, as applied to facts of the instant case, that the Commonwealth has established that it exercised due diligence and that the lower court's continuance

based upon the lower court's criminal cases backlog was justified.

The appellant also contends in a *pro se* brief that his trial counsel was ineffective when he failed to call a prison inmate as a witness to impeach the testimony of the Commonwealth's witnesses. We find this contention without merit.[5] "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The record clearly indicates that trial counsel was reasonable in not placing appellant's proposed witness on the stand.[6]

Accordingly, the judgment of sentence of the court below is affirmed.

HOFFMAN, J., concurs in the result.

PRICE, J., files a concurring opinion.

PRICE, Judge, concurring:

On January 31, 1975, the appellant was convicted by a jury of violating the Controlled Substance, Drug, Device and Cosmetic Act.[1] A timely motion in arrest of judgment was refused by the lower court, and sentence was pronounced. The appellant now questions the propriety of this conviction, raising several allegations of error.

5. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

6. Appellant also argues that the evidence presented at trial was insufficient to prove him guilty beyond a reasonable doubt. However appellant did not raise this issue in his post-trial motions, so the issue is waived. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975).

1. Act of April 14, 1972, P.L. 233, No. 64, § 1 (35 P.S. § 780–101) *et seq.*

After careful review, I would reject the appellant's contentions, and affirm the judgment of sentence.

On March 21, 1974, a written complaint was filed against the appellant charging him with selling a quantity of the controlled substance methamphetamine (speed) to an undercover agent of the Pennsylvania State Police on two separate occasions. On June 10, 1974, a Grand Jury returned two bills of indictment against the appellant, each charging him with possession and sale of a controlled substance. Although the case was listed for trial on October 7, 1974, trial was not held at that time because of the backlog of criminal cases in the court below.[2] On November 27, 1974, the Commonwealth filed a petition for an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[3] In its petition, the Commonwealth asserted that it had exercised due diligence in bringing the appellant to trial, attributing the responsibility for the delay solely to the judiciary. The prescribed time period expired on December 16, 1974; however, the lower court delayed its decision on the Commonwealth's petition until December 20, 1974, when it granted the Commonwealth an extension of time. Trial commenced on January 31, 1975, or 315 days after the written complaint was entered against the appellant. The appellant first contends that his right to a speedy trial was denied in that he had not been brought to trial within 270 days from the date the criminal complaint was filed against him, as required by Pa.R.Crim.P.

2. The record clearly shows that the appellant was in no way responsible for any period of delay in being brought to trial.

3. Pa.R.Crim.P. 1100(c) provides in pertinent part:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

1100(a)(1).[4] The majority, citing *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), and *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), finds that the "prosecution's" petition for an extension of time was properly granted by the lower court. I find that the appellant has waived his right to argue a Rule 1100 violation and is therefore precluded from questioning the propriety of the lower court's grant of extension. I believe, therefore, that the majority errs by reviewing this issue.

The record clearly shows that the appellant failed to comply with the requirements of Section (f) of Pa.R. Crim.P. 1100, which provides, in pertinent part, that:

"[A]t any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

Although Rule 1100(f) requires an accused to file a petition to dismiss *before trial* showing that the prescribed time period has expired, the appellant did not formally assert his right to a speedy trial until *after trial* in a motion in arrest of judgment. A petition to dismiss the charges was never filed.

Rule 1100(f) provides the exclusive method by which an accused in this Commonwealth may gain relief from a denial of his right to a speedy trial.[5] Under Section (f), an accused may petition the court below for an order

4.  Pa.R.Crim.P. 1100(a)(1) provides:
    "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

5.  It is well established that failure to object properly constitutes a waiver of the right to a speedy trial. See *Commonwealth v. Roundtree,* 458 Pa. 351, 326 A.2d 285 (1974), and cases cited therein. Prior to Rule 1100, an objection to the length of delay in being brought to trial was properly raised in a pre-trial motion to quash the indictment. *E. g. Commonwealth v. Gates,* 429 Pa. 453, 240 A.2d 815 (1968). See Pa.R.Crim.P. 304.

dismissing the charges only if such petition is filed prior to trial and after the expiration of the prescribed period. In his answer to the Commonwealth's petition for an extension of time, the appellant requested that the charges be dismissed for want of prompt prosecution. However, because the appellant's right to a speedy trial had not been violated when he filed his answer, the appellant's answer does not satisfy the requirement of Rule 1100(f), as promulgated by our Supreme Court, that an accused's petition for dismissal be predicated upon a violation of the prescribed time period. Rule 1100(f) mandates that the issue of a speedy trial denial be clearly preserved by means of a timely petition. The appellant did not follow the prescribed procedure. Therefore, I believe that he forfeited his right to argue a violation of Rule 1100. *See Commonwealth v. Sprankle,* 241 Pa.Super. 298, 361 A.2d 385 (1976) (dissenting opinion).

The appellant next contends, pro se, that his trial counsel was ineffective because he failed to call a witness who would have allegedly impeached the testimony of the Commonwealth's witnesses. I find this contention to be without merit.

At trial, the Commonwealth's evidence against the appellant primarily consisted of the testimony of two undercover police agents. Each agent testified that he had been informed by a person named "Butter Roy or Ray" that appellant was in possession of drugs available for sale. After receiving this information, each agent approached the appellant and purchased a controlled substance from him. The agents also testified that the informant was not present during either transaction. The appellant alleges that prior to trial he had advised his trial counsel that the informant was a prison inmate named James Lee, who would provide testimony contrary to that of the agents, namely, that he had never informed the agents that the appellant would sell them drugs. The appellant's trial counsel never called James Lee as a wit-

234

ness. The appellant's denial of the above events constituted his sole defense.

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The record clearly shows that trial counsel was reasonable in his decision not to place James Lee on the witness stand. Trial counsel would have had great difficulty in proving that James Lee was the informant in question. On cross-examination, one of the police officers testified that although the informant's "nickname was 'Butter Roy'; his real name was Ritchie Rivers," not James Lee. The appellant, on the other hand, does not demonstrate the basis for his assertion that James Lee was in fact the informant. Furthermore, trial counsel could have permissibly concluded that James Lee, who was then incarcerated, was at best of questionable character, and that his client's interests would be harmed, rather than benefited, by seeking to use James Lee as a means of impeachment.

The appellant additionally seeks to establish that the evidence adduced at trial was insufficient to sustain the conviction. The appellant did not raise this issue in his post-trial motions. The issue is therefore waived and cannot be raised in an appeal to this court. *E. g., Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975).

I would affirm the judgment of sentence.