380 A.2d 444

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Almon C. STABLER.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

---

**8.** We must note that the Commonwealth never filed a petition to extend the time for commencing trial in the instant case.

Eric J. Cox, Assistant District Attorney, Conshohocken, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellant.

Norton A. Freedman, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth of an order by the court below denying the Commonwealth's application for an extension of time for commencement of trial and discharging the defendant. For the following reasons, we vacate the order of the court below and remand the case to the lower court.

The defendant was charged with various offenses by a complaint filed on October 6, 1975. Under the mandate of Pa.R.Crim.P. 1100(a)(2),[1] the Commonwealth was required to bring the defendant to trial by April 3, 1976. On April 2, 1976, the Commonwealth, pursuant to Pa.R.Crim.P. 1100(c),[2] applied to the court below for an extension of time for commencement of trial. The Commonwealth predicated its request for a time extension *solely* upon a claim that despite its due diligence the Commonwealth was prevented from bringing the defendant to trial within the prescribed period because of the extensive trial schedule of the lower court.[3] Specifically, the Commonwealth alleged that: "It would have been a useless act to list this case prior to this time because of the case load and the unavailability of a sufficient number of trial slots." Relying upon the opinion of this court in *Commonwealth v. Shelton*, 239 Pa.Super. 195, 361 A.2d 873 (1976), the lower court denied the Commonwealth's petition to extend, holding that an extension of time for commencement of trial may not be granted on the basis of delay attributable to the judiciary. We vacate the order of the court below.

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Pa.R.Crim.P. 1100(c) provides that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

3. At the hearing on its petition to extend, the Commonwealth sought to support its claim that it was unable to commence trial within the mandatory period by alleging additionally that it should receive credit for a period of thirty-five days expended before the district justice in completing the defendant's preliminary hearing. We need not address the merits of this assertion because it was not raised in the Commonwealth's petition to extend.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court ruled that the Commonwealth may be granted an extension of time predicated upon judicial delay. The court, however, cautioned that such an extension may be granted only upon a record showing: ". . . (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.* 469 Pa. at 222, 364 A.2d at 1350–51. Although we do not require strict record compliance with the *Mayfield* requirements in cases, such as the instant case, which arise prior to the *Mayfield* decision, *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977), the present record is not sufficient to enable us to determine the validity of the Commonwealth's assertion that the lower court could not timely hear the case because of an overcrowded docket.[4] We therefore remand this case to the court below to conduct an evidentiary hearing to determine the merits of the Commonwealth's petition to extend. This hearing is, of course, to be held in compliance with the notice requirements of Rule 1100(c). If the court below should find that the Commonwealth was prevented, despite its due diligence, from bringing the appellee to trial because of delay attributable to the judiciary, then the lower court should establish a trial date within 120 days from the date of its order granting appellant's petition to extend.

The order of the court below is vacated, and the case is remanded to the lower court for proceedings consistent with this opinion.

---

4. In its brief before this court, the Commonwealth states that ". . . the case was certified to the Court Administrator as being ready for immediate trial on January 7, 1976." (Appellant's Brief, p. 2) Certainly, such certification would be relevant to the Commonwealth's claim of due diligence. The record, however, is silent as to this point.