390 A.2d 203

COMMONWEALTH of Pennsylvania

v.

**Robert BARRALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

480

Richard J. Jacobs, Bethlehem, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered January 28, 1977. The sole issue before us is the application of *Pa.R.Crim.P.* 1100 to the procedural facts of this case.

Written complaint was filed on January 9, 1976, alleging violation of the Motor Vehicle Code. Rule 1100(a)(2) would require trial to commence not later than July 7, 1976, absent continuances or extensions. Trial did begin on July 15, 1976, the Commonwealth having applied for and been granted an extension until July 23 of that year. Appellant challenges the propriety of the order granting said extension, admittedly requested in good time prior to the expiration of the 180-day period.

The Commonwealth's petition averred that the prosecution, prior to trial, lacked sufficient time to subpoena witnesses due to the pendency and ultimate disposition of a pre-trial application to suppress evidence. The allegation was that the Commonwealth had been duly diligent, and an 1100(c) extension was requested. The defense filed an answer denying due diligence on the part of the Commonwealth, and the matter proceeded to hearing. The record does not contain a transcript of this hearing, and the only elucidating information about it appears in the lower court's opinion: "Unfortunately, at the time of the hearing no testimony as such was taken and the court disposed of the matter upon the petition, answer, and brief dialogue before the court." (KOCH, Judge, Specially Presiding). We cannot hold, on the present record, that the Commonwealth met its burden of proof.

*Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), interpreting *Pa.R.Crim.P.* 1100(c), allows an extension of time for commencement of trial to be granted if the prosecution had not failed diligently to bring the case on for trial. If application for extension was filed before October 8, 1976, the date of the *Mayfield* decision, then the requirement of recorded findings as to extension, and cause therefor, will not be strictly followed. *Commonwealth v. Kemp*, 245 Pa.Super. 294, 369 A.2d 410 (1976). Thus in this case we would not expect recorded findings. But notwithstanding this lessened requirement here, we have before us no means by which we may view the proof offered by the Commonwealth so as to agree or disagree with the lower court's conclusion granting extension. The Commonwealth must demonstrate, with proof, that it moved forward with due diligence. *Commonwealth v. Woodson*, 248 Pa.Super. 545, 375 A.2d 375 (1977), (Van der Voort, J., dissenting for other reasons, as stated in his Dissenting Opinion); *Commonwealth v. Rambo*, 250 Pa.Super. 311, 378 A.2d 953 (1977).

The issue presented by appellant is properly before us, despite failure by defendant below to file a Rule 1100(f) motion to dismiss. In *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977), our Supreme Court announced the

proposition that an appellant would waive claim of error as to the lower court's granting an 1100(c) extension if he did not timely apply for dismissal under 1100(f). An answer filed by the defendant below in opposition to the Commonwealth's 1100(c) petition was held insufficient to preserve the issue. However, in the more recent case *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), our Supreme Court has further delineated the practice under Rule 1100, stating that in the case where a time certain is set for the extension—not the *Wallace, supra*, situation where the Commonwealth was granted an extension in general terms for the amount of time needed for the appeal and "for a reasonable time thereafter"—then a defendant may preserve the question by merely opposing the Commonwealth's petition for extension of time. "By so doing, the court is put on notice that an accused can challenge that court's finding of due diligence on the part of the Commonwealth. *Coleman, supra*, 383 A.2d at 1272. With such an answer of record, there will be no waiver. Applying this to the present case, appellant opposed the Commonwealth's petition to extend, and an extension was granted to the certain date of July 23, 1976, by which time trial had begun. *Wallace, supra*, indicates that it would have been a "futile gesture" for appellant to file an 1100(f) motion, and not having done so he will not be held to have waived his 1100 rights. See *Commonwealth v. Sprankle*, 241 Pa.Super. 298, 361 A.2d 385 (1976), footnote 1 at Pa.Super. p. 300, 361 A.2d 385.

■■ Thus the problem which we perceive in the instant case is a deficiency in the record. The reason stated by the Commonwealth—inability to subpoena witnesses—may be a valid cause for extension. We found so in a case which presented similar facts. *Commonwealth v. Jenkins*, 248 Pa.Super. 295, 375 A.2d 107 (1977). And it is an undoubted requirement that a hearing be held. *Commonwealth v. Metzger*, 249 Pa.Super. 107, 375 A.2d 781 (1977), *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977), and *Commonwealth v. Dorsey*, 251 Pa.Super. 228, 380 A.2d 461 (1977). But in this case the record contains no notes of testimony of a hearing at which evidence may have been

adduced. Also we are troubled by the lower court's description of the hearing as a "brief dialogue." Thus we are precluded from assessing the Commonwealth's proof. Mere assertions of due diligence, and unproven facts, do not establish cause for extension under Rule 1100(c). See *Commonwealth v. Porter*, 251 Pa.Super. 346, 380 A.2d 812, footnote 2 (1977).

■ We remand for an evidentiary hearing, to be transcribed, to determine whether the Commonwealth possessed good cause, and proved it at the prior "hearing", to seek extension of time, and whether the Commonwealth acted with due diligence. Findings of said hearing court shall be recorded. If due diligence on the part of the Commonwealth is found, then the judgment of sentence shall stand affirmed. If there should be found lack of due diligence, then the lower court shall grant defendant's application, dismiss the charges and discharge the appellant in pursuance of *Pa.R.Crim.P.* 1100(f). From the action of the court below either party may appeal.

Reversed and remanded.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.