389 A.2d 669

**COMMONWEALTH of Pennsylvania**

v.

**Charles H. JONES, Appellant.**

Superior Court of Pennsylvania.

Argued June 17, 1977.

Decided July 12, 1978.

200

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

Thomas M. Regan, Assistant District Attorney, with him Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant Charles H. Jones was arrested on August 18, 1974, charged with burglary, theft by unlawful taking, and criminal conspiracy. On January 10, 1975, the Commonwealth presented a petition under Rule 1100(c) for an extension of time for commencing trial, alleging due diligence and lack of courtroom space. The last date for trial under Rule 1100 would have been February 14, 1975; however, the lower court, by Order dated January 13, 1975, granted the Commonwealth an extension to May 14, 1975. On March 5, 1975, appellant filed a petition to dismiss for failure of the Commonwealth to try him within 180 days. Hearing was held on this petition on March 7, 1975, and the petition was denied the same day. Appellant was tried on April 16, 1975, before a judge and jury, and was found guilty of burglary and criminal conspiracy. Post-trial motions were filed April 24, 1975 and were denied August 9, 1976. Appellant was sentenced December 10, 1976 to make restitution and to serve eleven to twenty-three months imprisonment on the burglary conviction, with sentence suspended on the conspiracy conviction. The case is before us on direct appeal.

█ Appellant argues that the lower court erred in refusing to grant his Rule 1100 petition to dismiss, first, because the District Attorney used an allegedly defective form to obtain the extension of time, second, because appellant allegedly was not served with a copy of the Commonwealth's petition to extend, and allegedly was not even made aware that the lower court had granted the Commonwealth

an extension. Appellant's first argument turns on the fact that a "form" petition was used to obtain an "automatic" extension. We find this argument to be clearly nonmeritorious. Although the Commonwealth apparently did use a printed form, the pertinent information, including the reasons for the Commonwealth's inability to bring appellant to trial by February 14, was obviously added separately to the form.

Appellant's second argument is more troublesome. There is no indication in the record that appellant was served with notice of a hearing on the Commonwealth's petition to extend, or even that a hearing of any sort was ever held on the petition.[1] Rule 1100(c) gives the defendant an opportunity to oppose a petition to extend, but the rule is meaningless if the defendant is not made aware that such a hearing will be held. Although the docket does not indicate that a formal hearing was held, it is possible that appellant was present in court at the time the petition was presented, and that appellant did have an opportunity to oppose the Commonwealth's petition. Our review of the notes of testimony of a hearing held on March 7, 1975, on appellant's Rule 1100 petition to dismiss, is not at all helpful in resolving this issue.

We remand this case to the lower court with directions that a hearing be held to determine whether or not appellant was advised of the filing of the Commonwealth's petition to extend and had an opportunity to oppose the petition. If the lower court finds that appellant did have such notice and opportunity to oppose the Commonwealth's petition, the

1. The only mention in the record in this case of service on appellant of the Commonwealth's petition to extend is in the lower court's Order of January 13, 1975, granting the Commonwealth's petition and extending the time of trial. The Order includes the following language: "the Commonwealth having proved that the said application was served on defendant . . . ." This language is part of an order which appears to be a form with blanks for the name of the defendant and the appropriate numbers. There is no other indication in the record that notice was given to appellant, and appellant on appeal denies that he was advised of the Commonwealth's petition to extend.

judgment of sentence shall stand affirmed. If the lower court finds that appellant did not have such notice and opportunity, he shall be given a reasonable time within which to file an answer to the petition of the Commonwealth to extend the trial date, and an opportunity to present evidence, if he so desires, or reasons, if he deems that sufficient, why the Commonwealth's petition should not have been granted. If after a hearing the court below finds that the extension was improperly granted, the judgment of sentence shall be vacated and the defendant discharged; if the court determines that the extension was properly granted, the judgment of sentence shall stand affirmed. Thereafter either party may appeal to this Court.

PRICE, J., files a concurring opinion in which SPAETH, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I agree with the majority that we must remand this case to the court below to determine whether the appellant received notice of the Commonwealth's application to extend and whether the appellant was granted an opportunity to contest that petition. I believe, however, unlike the majority, that if the appellant was not notified of the Commonwealth's application to extend or if he was not granted an opportunity to contest that application, then there is no need of a further hearing to ascertain the validity of the Commonwealth's request. Pa.R.Crim.P. 1100(c) clearly mandates, in pertinent part, that: "A copy of [the application to extend] *shall* be served upon the defendant through his attorney, if any, and the defendant *shall* also have the right to be heard thereon." (emphasis added) If either of these two requirements is not satisfied, then the allowance of an application to extend is improper. *See Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1978).

I would remand this case to the court below to determine whether the initial hearing conformed with the above-stated requirements of Pa.R.Crim.P. 1100(c). If the initial hearing was improperly conducted, then the appellant must be discharged because the mandatory period has expired. If, however, the propriety of the initial hearing is confirmed, then the judgment of sentence shall be affirmed.

SPAETH, J., joins in this opinion.