421 A.2d 713

**COMMONWEALTH of Pennsylvania**

v.

**John STEELE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Aug. 29, 1980.

David Metinko, Pittsburgh, for appellant.

Kathryn Simpson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

On June 20, 1977, criminal complaints were filed against appellant charging him with counts of Delivery, Possession

and Possession with Intent to Deliver in violation of the Controlled Substance Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, No. 64 § 13, as amended 35 P.S. § 780–113 (Supp. 1976–77). Appellant was subsequently arrested on these charges on December 16, 1977. At his preliminary arraignment, appellant waived his right to counsel, and also signed a written waiver of his right to a speedy trial under Rule 1100 for an indefinite time. The original run–date for Rule 1100 purposes would have been December 17, 1977. The Commonwealth filed a petition for extension of time on December 16, 1977 the date of arrest; however, no action was taken until January 27, 1978, when a preliminary order extending time for trial pending consideration of the petition was granted by Judge Robert E. Dauer. A hearing to extend was held on February 6, 1978, and the Commonwealth petition was granted for a date not later than April 28, 1978. Trial was scheduled for April 19, 1978 before Judge Zoran Popovich. On that date, prior to trial, a hearing was held on appellant's petition to dismiss, and Judge Popovich denied the petition because the matter had already been adjudicated by Judge Dauer. Appellant was thereafter convicted of all counts by a jury and was sentenced on one count to a term of four (4) to twenty–three (23) months imprisonment with a consecutive sentence of ten (10) years probation on the second count.

Following argument before this court on November 12, 1979, we ordered the case remanded to the lower court for an evidentiary hearing on the Commonwealth petition for extension of time under Rule 1100(c). The basis for this remand was that this court was concerned with the validity of appellant's uncounselled waiver of Rule 1100 at arraignment which was for an indefinite period and where no colloquy appears of record. Therefore, the effectiveness of the Commonwealth's petition for extension of time was of critical importance. The petition, though timely filed on December 16, 1977, was not scheduled for a hearing until

more than a month and a half later.[1]  The petition also properly alleged the unavailability of the appellant prior to arrest as a basis for the extension;  however, at the February 6, 1978 hearing, no testimony was taken to establish the required showing of due diligence.  In fact, there is not even a statement made by the Commonwealth at the hearing that the police exercised due diligence to ascertain the whereabouts of the defendant.  See *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978);  and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

Upon remand, the lower court held an evidentiary hearing on May 28, 1980, and Judge Dauer made the following findings:

1.  The Commonwealth is unable to produce any witnesses to testify with any specificity as to the reasons for the initial extension on the Commonwealth's Petition for Extension under Rule 1100 of the Pennsylvania Rules of Criminal Procedure in the case of John Steele.

2.  That after a hearing conducted on May 27, 1980, at which time the Commonwealth made the admission of their inability to show due diligence in accordance with the Rules on Petitions for Extension of Time under Rule 1100.

    a) This Court can only conclude that the initial petition should not have been granted for there was no showing of due diligence.

    b) That the Commonwealth is unable as of this time to show due diligence and the ruling Petition to Extend should be reversed.

The Commonwealth has since informed this court by letter that they do not intend to challenge Judge Dauer's findings.

Judgment of sentence is reversed, and appellant discharged.

---

1.  At that time counsel from the Public Defender's office appeared on behalf of appellant and voiced his opposition to the extension.