418 A.2d 435

**COMMONWEALTH of Pennsylvania**

**v.**

**Daniel J. DiPIETRO, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed Jan. 11, 1980.

Petition for Allowance of Appeal Granted Oct. 14, 1980.

Carmen P. Belefonte, Media, for appellant.

Guy A. Messick, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant was tried by a jury and convicted on December 18, 1975 of a series of violations of The Vehicle Code[1] involving the possession and sale of twenty-two stolen motor vehicles[2]. Post-trial motions were timely filed and ultimately dismissed by comprehensive opinion of the court below, and thereafter, Appellant was sentenced upon all indictments to a term of imprisonment of not less than two years nor more than 59 months, and to a consecutive term of probation of not less than two nor more than five years.

Appellant now appeals from that judgment of sentence and advances six issues for our consideration. We have examined each of the issues so raised and find that only one merits discussion[3].

---

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. 1959, April 29, P.L. 58, § 101, et seq. (Repealed), 75 P.S. § 101, et seq.

2. The charges against the Appellant were the subject of 206 separate indictments, all but six of which were consolidated for trial.

3. In addition to the issue we treat here, Appellant contends that (1) the warrantless search of Appellant's premises by members of the Pennsylvania State Police was without probable cause and thus

Appellant contends that the procedural aspect as set forth in the record mandated a dismissal of the charges against him under the provisions of Pa.R.Crim.P. 1100. We briefly recite the procedural history underlying Appellant's contention.

A written complaint was filed against Appellant on April 10, 1974, alleging the instant violations of The Vehicle Code. Appellant was afforded a preliminary hearing on July 24, 1974, and was bound over for action of the grand jury. Appellant was thereafter indicted by a grand jury on October 17, 1974. As the complaint against Appellant was filed prior to July 1, 1974, Appellant's trial should have commenced no later than 270 days from the date the complaint was filed, or January 4, 1975. Pa.R.Crim.P. 1100(a)(1).

On November 7, 1974, the Commonwealth filed an Application to extend the time for commencement of trial, contending that notwithstanding the exercise of due diligence, the Commonwealth was unable to bring Appellant to trial on or before January 4, 1975, the run date, as

". . . There are not sufficient trial dates, judicial manpower, or court room space available to try the case in addition to cases already scheduled for the same time period."

Appellant filed an answer to the Commonwealth's Application for an extension, denying the material allegations thereof and opposing any extension beyond the 270-day period mandated by Pa.R.Crim.P. 1100(a)(1).

On November 22, 1974, the lower court without holding a hearing on the Commonwealth's Application, granted the

unlawful; (2) the consolidation of the indictments for trial was prejudicial and hence reversible error; (3) the withdrawal of 129 indictments by the Commonwealth upon resting its case in chief was so prejudicial to Appellant that a mistrial should have been granted; (4) the trial court committed reversible error by permitting a Commonwealth witness to testify from notes not prepared by the witness; and (5) the trial court committed reversible error by failing to instruct the jury upon the principles of circumstantial evidence pertaining to each of the 22 motor vehicles only as bearing upon that particular vehicle. As heretofore noted, we have considered each of these assignments of error and find them to be without merit.

Commonwealth an extension until April 4, 1975, some ninety days beyond the run date.[4]

Appellant now contends that the court below committed error by granting the Commonwealth an extension of time pursuant to Pa.R.Crim.P. 1100(c) without first holding an evidentiary hearing upon the Commonwealth's Application. We agree and find dispositive our earlier comments on the subject in *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978).

In *Barrall*, as here, the Commonwealth filed an Application to extend under Pa.R.Crim.P. 1100(c), contending that although it had exercised due diligence, it lacked sufficient time to subpoena witnesses. The Defendant filed an answer to the Commonwealth's Application denying the assertion that the Commonwealth exercised due diligence. Although the lower court apparently convened a "hearing" on the Application, no testimony was presented, no transcript or other record of the proceedings was made, and the lower court disposed of the matter upon the Commonwealth's Application, the Defendant's answer and an unrecorded "brief dialogue before the court," *Id.*, 256 Pa.Super. at 481, 390 A.2d at 204.

Remanding the case for an evidentiary hearing on the question of due diligence, we said pertinently:

". . . the Commonwealth must demonstrate, *with proof*, that it moved forward with due diligence . . . And it is an undoubted requirement that a hearing be held . . ." *Id.*, 256 Pa.Super. at 481–82, 390 A.2d at 204, 205 (Emphasis added).

In the same case, we also added:

". . . [T]he problem which we perceive in the instant case is a deficiency in the record. The reason stated by the Commonwealth—inability to subpoena witnesses—may be a valid cause for extension . . . But in this case the record contains no notes of testimony of a hear-

4. The record alludes to one or more extensions granted the Commonwealth following April 4, 1975. The propriety of these extensions is not questioned by Appellant in this appeal.

ing at which evidence may have been adduced . . . Thus we are precluded from assessing the Commonwealth's proof. *Mere assertions of due diligence, and unproven facts, do not establish cause for extension under Rule 1100(c)." Id.,* 256 Pa.Super. at 482, 390 A.2d at 205 (Emphasis added).

At bar, the lower court, in its opinion, speaking to the subject said:

"An examination of the record in this case reveals that in granting the extension until April 4, 1975, Bloom, J. properly determined that there was *no lack of diligence* on the part of the District Attorney, properly determined that the trial could not be scheduled before January 4, 1975 because of lack of judicial manpower and court room space to try this case in addition to cases already scheduled for trial." Appellant's brief at 16a (Emphasis in original).

Unfortunately, however, the record contains no such revelations, and we are unable to determine whether the Commonwealth's assertions and the lower court's findings have factual underpinnings, as there is no record to which we may turn.[5]

The Commonwealth, in its brief filed here, recognizes the deficiency apparent to us, but argues that inasmuch as the extension at bar was granted prior to the date of the decision of the Supreme Court of Pennsylvania in *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), a case holding clearly that an extension may only be granted upon a *record* showing of due diligence, *Id.,* 469 Pa. at 221, 364 A.2d at 1349, ". . . as long as there was indicia of due diligence . . . the extension was properly granted . . ." as the "requirement of testimony is not strictly enforced in pre-*Mayfield* cases." Appellee's brief at 12.

---

5. Delay resulting from an insufficiency of judicial resources, as judges and court rooms, and overcrowded dockets, all alleged by the Commonwealth in its Application to extend at bar, constitutes "judicial delay" and may in appropriate circumstances form the basis upon which an extension may be granted. *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).

While it is quite correct to suggest that *Mayfield*, by its language is prospective only,[6] such suggestion does not permit the conclusion that in pre-*Mayfield* cases, a finding of due diligence may be appropriately made in the absence of a hearing or a record thereof containing the Commonwealth's proofs.

In *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977), the Commonwealth's Application for an extension was filed prior to the date of the decision in *Mayfield*. The lower court denied the Commonwealth's Application without conducting an evidentiary hearing. We remanded for such a hearing, saying as we did:

> "Although we do not require strict record compliance with the *Mayfield* requirements in cases, such as the instant case, which arise prior to the *Mayfield* decision, . . . the present record is not sufficient to enable us to determine the validity of the Commonwealth's assertion that the lower court could not timely hear the case because of an overcrowded docket . . ." *Id.*, 251 Pa.Super. at 197, 380 A.2d at 445.

And in *Commonwealth v. Barrall*, supra, the Commonwealth's Application for an extension was filed and the extension granted prior to the date of the decision in *Mayfield*. Nevertheless, we said:

> ". . . If application for extension was filed before October 8, 1976, the date of the *Mayfield* decision, then the requirement of recorded findings as to extension, and cause therefor, will not be strictly followed. *Commonwealth v. Kemp*, 245 Pa.Super. 294, 369 A.2d 410 (1976). Thus in this case we would not expect recorded findings. *But notwithstanding this lessened requirement here, we*

---

**6.** The *Mayfield* court held:

"*Henceforth*, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50 (Emphasis added).

*have before us no means by which we may view the proof offered by the Commonwealth so as to agree or disagree with the lower court's conclusion granting .extension."* Id., 256 Pa.Super. at 481, 390 A.2d at 204 (Emphasis added).

And see *Commonwealth v. Dorsey*, 251 Pa.Super. 228, 380 A.2d 461 (1977).

So it is at bar, and we thus remand to the court below for an evidentiary hearing convened in compliance with the notice requirements of Pa.R.Crim.P. 1100(c), to determine the merits of the Commonwealth's Application to extend. All testimony adduced at the hearing and the findings of the hearing court shall be transcribed and if the court finds that notwithstanding the exercise of due diligence by the Commonwealth, trial could not be commenced on or before January 4, 1975, the judgment of sentence shall be affirmed. If the hearing court shall find a lack of due diligence by the Commonwealth, then the court shall grant Appellant's Application, dismiss the charges, and discharge Appellant in accordance with Pa.R.Crim.P. 1100(f). Either party may appeal from the action of the court below.

Remanded for proceedings consistent with this opinion.