432 A.2d 236

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John G. BROWN.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Frank A. KRIEGER.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed July 10, 1981.

Kristine F. Hughey, Assistant District Attorney, Media, for Commonwealth, appellant.

Thomas B. Schmidt, III, Harrisburg, for Brown, appellee.

Edward M. Foley, Media, for Krieger, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Frank A. Krieger and John Brown were convicted by a jury of unsworn falsifications to authorities, making false reports to law enforcement authorities and conspiracy. Post-trial motions were filed and argued and the lower court granted a new trial in the interest of justice. This appeal by the Commonwealth followed.

The charges arose out of the following fact situation. In January of 1976, Wayne C. May purchased and financed a used diesel truck tractor from Kenworth Trucks Philadelphia, Inc. At the time of the sale, May anticipated that he would obtain a permanent Interstate Commerce Commission lease from Mid-West Emery Freight Lines. When May was subsequently unable to obtain this lease, he asked Kenworth's assistance in reselling the truck. A Kenworth salesman referred Ronald Fogel to May. Fogel and May met in March and attempted to negotiate a sale. To that end, May agreed to let Fogel test-drive the truck with the understanding that they would meet the following day at Kenworth to negotiate the sale. Fogel did not return the truck, and May turned again to Kenworth for assistance. Krieger and Brown, both Kenworth employees, tried to contact Fogel or locate the truck. Finally, in September of 1976, more than six months after the truck was taken (during which time no payments were made by anyone on the truck), Krieger and Brown caused criminal charges to be filed against Fogel. The charges against Fogel were ultimately dismissed. The charges against Krieger and Brown alleged that they had made false statements to the police and the district justice in connection with the criminal charges filed against Fogel.

After post-trial motions were argued, but prior to any disposition thereon, Appellees' counsel discovered that Ronald Fogel, the Commonwealth's main witness, had a prior criminal record including convictions of crimes concerning fraudulent testimony and fraudulent transactions. Appellees petitioned for reargument on their post-trial motions on the basis that the Commonwealth failed to produce this record when requested to do so prior to trial.[1] Noting that the charges themselves involved the issue of credibility and that Fogel was the alleged victim of the charges against Krieger and Brown, the Honorable Joseph W. DeFuria granted Appellees a new trial in the interest of justice.

1. At the time of the trial in this case, there was no other way Appellants could have obtained Fogel's criminal record.

For reasons not clear from the record, two other issues raised by Appellees were not considered in the lower court's opinion. Consequently, it was stipulated by counsel (and approved by the Court) that Judge DeFuria's order be considered as having been based on all three grounds.

The first stipulated issue is whether the Commonwealth's Petition for an Extension of Time under Pa.R. Crim.P. 1100 was properly granted as to Appellee Krieger.[2] The Commonwealth's petition cited pretrial defense motions, a court-ordered conciliation and an unavailability of jury courtrooms on March 6, 1978, the date scheduled for trial, as the reasons why trial could not commence on time. There is in the record no transcript of a hearing to determine the validity of these allegations, and we are unable to discover from the record whether such a hearing was, in fact, held. In addition, there are no findings by the trial court showing the causes of delay and why the delay could not be avoided, as required by *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). Nor can we tell from the record whether the Commonwealth exercised due diligence in attempting to bring Appellee to trial within the time limits of the Rule, especially since the Rule's rundate was thirteen days after the date on which the Commonwealth claimed an unavailability of courtrooms. (The scheduled trial date was March 6, 1978; the rundate for Rule 1100 was March 19, 1978. Even if we assume that no courtrooms were available on March 6, that does not explain why the trial could not have commenced on March 7 or March 8 or some other date prior to March 19.) This Court has consistently held that mere assertions of unproven facts are not sufficient to justify the grant of an extension of time under Rule 1100. *Commonwealth v. Ferebee*, 259 Pa.Super. 234, 393 A.2d 804 (1978); *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978); and that an evidentiary hearing must be held and transcribed in order to assess the validity of the Common-

2. Because Appellee Brown did not raise this issue in post-trial motions, it is not properly preserved for our review. *Commonwealth v. Milburn*, 488 Pa. 601, 413 A.2d 388 (1980).

wealth's allegations. *Commonwealth v. DiPietro*, 274 Pa.Super. 337, 418 A.2d. 435 (1980); *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977); *Commonwealth v. Krall*, 249 Pa.Super. 433, 378 A.2d 373 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977).

Since the record in the instant case is so inadequate as to preclude our deciding the merits of the Rule 1100 issue, we remand for completion of the record. We retain jurisdiction over the remaining issues in *Commonwealth v. Krieger* and over the appeal in *Commonwealth v. Brown* until the Rule 1100 issue is resolved by the Court below.