413 A.2d 388

COMMONWEALTH of Pennsylvania

v.

Lawrence E. MILBURN, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 14, 1979.

Decided April 28, 1980.

Louis Mitchell Paul, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Ann Lebowitz, Asst. Dist. Attys., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Lawrence E. Milburn, was convicted in the Court of Common Pleas of Philadelphia of murder of the third degree and possession of an instrument of crime. He was sentenced to imprisonment for seven to twenty years for murder and two and one-half to five years for possession of an instrument of crime, the sentences to run concurrently. He appeals the judgment of sentence for murder.

The evidence indicates that on August 11, 1976, at approximately 11:30 p. m., appellant and the decedent, John Chancy, engaged in a fist fight in the street. Appellant went into his house and came out several minutes later with a rifle. He said, "I told you I was going to kill you," and fired two shots, one of which struck decedent in the head and killed him.

Appellant claims he had been drinking vodka all day and was intoxicated, rendering the evidence insufficient to a support the verdict. He further contends the court, which sat without a jury, erroneously refused to take the testimony regarding his intoxication into account. He claims that testimony should reduce the degree of guilt to voluntary manslaughter. We do not agree.

■ Intoxication may prevent an actor from having a specific intent to kill., *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759 (1971). However, murder of the third degree does not require specific intent, and voluntary intoxication neither precludes conviction of that offense nor reduces it to voluntary manslaughter. *Commonwealth v. Hicks*, 483 Pa. 305, 396 A.2d 1183 (1979).

■ In a related argument, appellant claims he should only have been charged with voluntary manslaughter. He again makes his argument about sufficiency of evidence, which we have rejected. He also contends that he was intoxicated when he made a statement to the police. He advances this as an additional reason for charging him with manslaughter. This point was not raised in post-verdict motions and is, therefore, waived.

■ Appellant also claims the court erred in refusing to admit a psychiatrist's report which he offered to show lack of criminal capacity. The psychiatrist was not present at trial and his absence was unexplained. The report was inadmissible as hearsay without the doctor being present. *Jones Appeal*, 449 Pa. 543, 297 A.2d 117 (1972). To make the report admissible, it would have been necessary for the psychiatrist to be present to state his qualifications and give testimony subject to cross-examination. *Carlisle Appeal*, 225 Pa.Super. 181, 310 A.2d 280 (1973).

The judgment of sentence is affirmed.